

**ENTERED**
**09/13/2012**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| JAMES IRA DRENNAN, SR.,  ) | CASE NO. 11-39591-H3-7 |
| ) | |
|     Debtor   ) | |
| ) | |
| ) | |

<u>MEMORANDUM OPINION</u>

      The court heard the "Application of Richton Tie & Timber, LLC for Compensation Pursuant to 11 U.S.C. § 330 and § 503" (Docket No. 46) and after considering the objection thereto (Docket No. 48), the pleadings, evidence, testimony and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment denying the application without prejudice. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

<u>FINDINGS OF FACT</u>

      James Ira Drennan, Sr., Debtor, filed a voluntary Chapter 7 petition on November 4, 2011 and Joesph M. Hill was appointed as the Chapter 7 Trustee. The Chapter 7 Trustee testified that the instant case was difficult. There were at least four creditors' meetings, the schedules had to be amended because Debtor failed to schedule substantial assets, Debtor sought to voluntarily dismiss

the case over the objection of the Chapter 7 Trustee, the United States Trustee and a state court Judgment creditor, and on January 13, 2012, the United States Trustee filed an objection to the discharge of the Debtor, Adversary No. 12-3012.

The adversary complaint focused upon false statements made by Debtor in his schedules and testimony, Debtor's failure to satisfactorily explain the loss or deficiency of assets, Debtor's concealment and transfer of assets to his creditors' detriment, and Debtor's failure to disclose real property assets located in Mississippi and valued in excess of $1,000,000.  Debtor withdrew his dismissal motion on January 24, 2012 and waived his chapter 7 discharge, which was approved by the court on February 1, 2012.  Docket Nos. 33 and 36.

The Chapter 7 Trustee testified that, at the conclusion of the creditors' meeting on January 24, 2012, Debtor advised the Trustee that Debtor's sons would fund the money to satisfy all creditors in full.  The Trustee testified that he had not received an offer from the Debtor or his sons and because some of the properties were subject to leases, the Trustee felt it was necessary to expeditiously continue with the administration of the estate.  At the end of February 2012, the Trustee contacted Ben Stevens, the owner and broker of Richton Tie & Timber, LLC (Richton), a Mississippi real estate brokerage firm, to sell real

property located in Mississippi that was owned by Debtor.[1] On March 8, 2012, the Trustee sought to employ Richton to act as broker to seek purchasers for the real property and to assist the Trustee in consummating any sales for a broker's fee of 6% of the gross sales price of the real property. Richton's employment was approved, on this basis, by the court on April 5, 2012. Docket Nos. 42, 43. The Trustee and Richton entered into Listing Agreements with the Trustee's Addenda attached thereto.[2] Richton's Exhibit No. 1.

The Listing Agreement provides that the Trustee agrees to compensate Richton a fee of 6% of the selling price if the property is sold on the terms set forth in the agreement or any other price and terms the Trustee may accept. The Listing Agreement also provides that if the property is withdrawn from sale, or made unmarketable by the Trustee's voluntary act, no fee is applicable. Attached to the Listing Agreement is the Trustee's Addendum which specifically states that the Addendum controls over the terms of the Listing Agreement in the event the Listing Agreement specifically contradicts a provision in the Addendum. The Addendum

---

[1] The property of the estate which Richton was employed to sell consists of the following (which will hereafter be referred to as "the property"): 1) 54.8 acres with house and barn, Section 35-To6N-R16W, Covington County, Ms.; 2) 154.8 acres, Sections 23 & 24, T06N-R15W, Covington County, Ms.; 3) 193.14 acres, Sections 19 & 30, T06N-R15W and S24-T06N-R16W, Covington County, Ms.; 4) 20.26 acres, Section 29, T6N-R15W, Covington County, Ms.; 5) 458 Richmond Rd., Sumrall, Lamar County, Ms.; 6) 4905 Highway 589, Sumrall, Lamar County, Ms.; and 7) 5033 Highway 589, Sumrall, Lamar County, Ms.

[2] The Listing Agreements and Addenda are identical with the exception of the description of the specific property to be sold and will hereafter be referred to in the singular form.

requires that all sales must be approved by court order and that the Trustee and the estate are not bound by the terms of the listing agreement or earnest money contract without express bankruptcy court approval.  Richton Exhibit No. 1.

Stevens testified that he understood from the Trustee that it was imperative to market the property as soon as possible. The Listing Agreements were prepared on or about February 21, 2012 and Richton obtained the legal property descriptions, evaluated the taxes, reviewed comparable properties, performed a sales analysis, and determined the value of the property.  On Februrary 28, 2012, Richton discovered that some of the properties were leased and identified the lessees.  All of this information was forwarded to the Trustee.  Stevens testified that, from March 1 to March 5, 2012, he had three agents actively marketing the property, which included advertising the property, contacting numerous potential buyers, pursuing and meeting with multiple potential buyers, showing the property to and soliciting offers from interested prospective purchasers.  Stevens testified that Richton's activities culminated in obtaining two purchase offers which were submitted to the Trustee for reveiw.  Testimony of Ben Stevens.

On March 5, 2012, a written offer to purchase the real property was submitted by Harold and Dawn Parker of H. P. Cattle Company to the Trustee via Richton.  Per correspondence, addressed

to Stevens at Richton and dated March 9, 2012, the Trustee advised his broker, Stevens, to submit a counter-offer to the Parkers' proposal. In that correspondence, the Trustee specifically advised Stevens that the Trustee's counter-offer was contingent upon: acceptance of an earnest money contract with language related to the sale being by a bankruptcy trustee; the earnest money contract being approved by the bankruptcy court; and that the Debtor and his sons had the right to match any offer made by a third party purchaser. On March 12, 2012, the Parkers delivered a written acceptance of the Trustee's counter-offer, for the sale of the real property at the agreed price of $1,150,000.00. Movant's Exhibit No. 2. Despite the Parkers' written acceptance of the Trustee's counter-offer, no earnest money contract was entered into by the parties.

On March 13, 2013, the Trustee notified Richton and the Parkers that he would not be consummating a sale of the real property to the Parkers. The Trustee testified that he received a $50,000 non-refundable deposit from the Debtor's family members and the Trustee intended to enter into an agreement with them whereby funds, sufficient to pay all of the estate's claims in full, would be paid to the Trustee and the instant case would be dismissed.[3]

---

[3] The Trustee filed a Motion for Authority to Pay Claims and Dismiss Bankruptcy Case (Docket No. 49) which will be addressed at a separate hearing.

Richton seeks an award of its real estate commission, 6% of the sales price, which is $69,000, as an administrative expense, and requests that the court direct the Trustee to complete the sale of the real property. The Trustee objects to paying Richton its commission since none of the properties have been sold. The Trustee contends that Richton is entitled only to reasonable compensation for the actual work performed which is estimated at no more than $5,000. The Trustee has requested authority to pay Richton $5,000 as an administrative expense in his Motion for Authority to Pay Claims and Dismiss Bankruptcy Case (Docket No. 49).

The Trustee testified that none of the real property has been sold. Based upon the language of the Listing Agreement, the court finds that Richton's 6% fee is not due until the property is sold. Additionally, the Addendum requires that any earnest money contract and any sale be approved by the bankruptcy court. The court finds that Richton's request for an administrative expense is premature.

The court notes that Debtor and/or his family members have advertised the property for sale in the April 15, June 15, and July 1, 2012 issues of the Mississippi Market Bulletin. Richton's Exhibit Nos. 4, 5, and 6. Stevens testified that the Debtor contacted the Parkers and offered to sell them part of the same

property that is the subject of the Listing Agreement.  The court is aware of the circumstances that culminated in Debtor's waiving his discharge.  The court recognizes Richton's concerns that inequity could result; if the agreement between the Trustee and Debtor is approved, and the instant bankruptcy case were dismissed and thereafter, the property was sold by the Debtor to the purchaser Richton procured, without payment of Richton's commission.  The court will determine whether cause exists to dismiss the instant case pursuant to the Trustee's motion and, in exercising its discretion, the court must consider any and all extenuating circumstances, as well as the interest of the various parties.

If the case is not dismissed, the Trustee will continue with the administration and liquidation of the estate.  In that event, if the property subject to the Listing Agreement is sold by the Trustee to the Parkers, subject to the conditions in the Trustee's Addendum, the terms of the Listing Agreement provide for Richton to receive a 6% commission.

## CONCLUSIONS OF LAW

11 U.S.C. § 328 allows the trustee to employ a professional person on any reasonable terms and conditions of employment, including a percentage fee basis or a contingent fee basis.  The court may allow compensation different from that

provided but only if such terms and conditions after the conclusion of such employment prove to have been improvident in light of developments incapable of being anticipated at the time of employment.  *In re Barron*, 225 F.3d 583 (5th Cir. 2000); *In re Texas Securities, Inc.*, 218 F.3d 443 (5th Cir. 2000).  Richton's employment was approved on a percentage fee basis and the court finds that there is no evidence to support an award of compensation different from that provided.

The burden of proof to establish entitlement to and the reasonableness of an allowance of a professional fee from the assets of a bankruptcy estate is upon the movant.  *In re Crutcher Transfer Line, Inc.*, 20 B.R. 705 (Bankr. W.D. Ky. 1982); *In re Aldersgate Foundation, Inc.*, 10 B.R. 910 (Bankr. M.D. Fla. 1981), citing *Woods v. City Nat. Bank & Trust Co.*, 312 U.S. 262 (1941), *reh. den.* 312 U.S. 715; *In re Lindberg Products, Inc.*, 50 B.R. 220 (Bankr. N.D. Ill. 1985).

The Listing Agreement is to be construed and governed in accordance with the laws of the State of Mississippi.  Although the general rule under Mississippi law is that the broker is entitled to a commission if the broker is the procuring cause of the sale, a seller is entitled to prescribe any lawful condition on the real estate broker's right to a commission to which the parties consent.  Where a brokerage agreement expressly conditions payment of a

commission on completion of the sale or a similar condition precedent, until such express condition has been satisfied, the broker's performance is not complete, and no commission has been earned.  *Hamilton v. Hopkins*, 834 So. 2d 695 (Miss. 2003).

For the reasons stated above the court denies the application without prejudice.

SIGNED at Houston, Texas on this 13th day of September, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE